IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN DAVID WATSON,

        Plaintiff

VS.

WARDEN TERRY,

        Defendant

NO. 5:06-CV-242 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Defendant WARDEN TERRY has filed a Motion to Dismiss the above-styled case, alleging that plaintiff JOHN DAVID WATSON has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Tab #11. Plaintiff Watson has responded to the defendant's motion.

The PLRA requires that prisoners wishing to bring suits pursuant to §1983 based on conditions of confinement must exhaust all available administrative remedies prior to filing a federal action.[1] The defendants have provided the court with a copy of the informal grievance form the plaintiff filled out with respect to the incident involved in this case. Defendants' Exh. A, Tab #11-3 at 6. The grievance alleges that

> *Officer Jenkins was involved in a physical altercation with another inmate (Owens). Inmate Owens became destructive & Officer Jenkins abandoned area situation, [illegible] several hours during which a small piece of metal (presumably from a fan) was hurled into my eye. Result is persistent vision problems. Video documentation of eye injury taken immediately after control was restored.*

---

[1]     *No action shall be brought with respect to prison conditions under 1983 of this title, or any other Federal law by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.*
                                      42 U.S.C. §1997e(a)

The resolution plaintiff Watson requested was as follows: "I would like to request access to potential legal claim (lawsuit 1983) and speak with someone about possible eyeglasses, etc."

In his complaint, Watson sues Warden Terry — who was not mentioned in any way in the plaintiff's grievance — for delaying the treatment Watson received for his injuries. Even though the plaintiff's grievance deals with the same *general* factual pattern as the instant lawsuit, the allegations included in each are completely distinct. Accordingly, the undersigned finds that plaintiff Watson has failed to exhaust his administrative remedies. IT IS RECOMMENDED that the defendant's Motion to Dismiss be **GRANTED** and that this matter be dismissed without prejudice to the right of plaintiff to refile once he has exhausted his administrative remedies unless otherwise barred by law.[2]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 24th day of AUGUST, 2007.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The defendant's Motion to Dismiss contains a number of other legal arguments, but this recommendation does not make any findings as to his other contentions.